THE PEOPLE *ex rel.* Jose Ortiz, Relator, *vs.* T. N. GREEN, Circuit Judge, Respondent.

*Opinion filed October 28, 1925.*

CRIMINAL LAW—*proceedings on motion for new trial must be incorporated in bill of exceptions—mandamus.* Proceedings on a motion for a new trial, in which the court refused to hear oral testimony and denied the motion upon the refusal of the witness to make an affidavit, must be incorporated in the bill of exceptions, and where sentence of death has been imposed the court may be compelled by *mandamus* to incorporate said proceedings in the bill of exceptions, as the defendant is entitled to a review of the proceedings on application for a writ of error.

ORIGINAL petition for *mandamus.*

IRVINE R. WASSON, and GEORGE W. SPRENGER, for relator.

T. N. GREEN, *pro se.*

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Pursuant to leave granted at the June, 1925, term of this court, Jose Ortiz filed his original petition for a writ of *mandamus* against the Hon. T. N. Green as a judge of the tenth judicial circuit of Illinois. The petition alleges that Ortiz was indicted for murder at the March, 1925, term of the circuit court of Peoria county; that he was tried at the same term and that the respondent presided at the trial; that the jury returned a verdict finding the relator guilty and fixing his punishment at death; that a motion for a new trial was made in the relator's behalf, and that upon the hearing of that motion his counsel sought to show that C. A. Donaldson, a juror, prior to his acceptance as such, in speaking of the relator, had stated to one Happ that "they better not take me on that jury or I will hang

that Mexican — — —;" that the juror upon his *voir dire* had falsely answered questions touching his qualifications to serve, had failed to disclose his hostility to the relator and had deceived both court and counsel in regard to his prejudice; that neither the relator nor his counsel had any knowledge or information of the juror's disqualification until after the rendition of the verdict; that Happ, owing to his peculiar ideas, was unwilling to make an affidavit but was present at the hearing of the motion for a new trial and ready to testify under oath that the juror had made the statement attributed to him; that the relator's counsel on that hearing offered to prove the fact by Happ; that upon the making of such offer the respondent stated that an affidavit might be filed, but that he refused to hear oral testimony or to permit a record of the offer, and the ruling thereon, to be made; that the proceeding was reported but that the respondent refused to allow the relator's counsel to have a transcript, and that when the bill of exceptions was presented the relator's counsel requested that the offer, and the ruling thereon, be incorporated therein, but that the respondent refused to sign the bill of exceptions unless the offer and the ruling were omitted therefrom. The petition further alleges that the matter of which complaint is made denied the relator a fair trial; that he is entitled to a record containing a full and true history of the proceedings on the trial; that it was the respondent's duty to certify and sign a complete bill of exceptions, and that his refusal to do so deprives the relator of the right to have a proper review by this court upon a writ of error. The prayer of the petition asks that the respondent be commanded to incorporate in the bill of exceptions the proceedings upon the motion for a new trial omitted therefrom.

The respondent answered the petition and attached to his answer a verified transcript of the proceedings in question. From this transcript it appears that after the relator's counsel had informed the respondent that they were unable

to procure the affidavit of Happ but that he was present and ready to testify that the juror had made the statement as charged in the petition, the respondent said: "I am not making a record. The reporter will make no record of this. I do not want to abridge any rights of this defendant. I will let you file all the affidavits you want, but I am not going to take testimony that isn't material to any issue before the court." The transcript further shows that the respondent declined to hear the offered testimony; that the motion for a new trial was denied and that exceptions to the court's ruling were preserved by the relator. The respondent averred in his answer that he followed the practice as he understood it and that he was ready and willing to abide by any order of this court. The relator filed a demurrer to the answer.

The question is whether or not it was the duty of the respondent to incorporate the offer of the testimony of the witness Happ, and its exclusion, in the bill of exceptions tendered by the relator.

Upon the hearing of the motion for a new trial the respondent stated that he would permit the filing of affidavits, but he refused to hear the oral testimony offered. After his refusal to hear that testimony he should have permitted relator's offer of proof, and the ruling thereon, to be incorporated in the bill of exceptions. Sentence of death had been imposed upon the relator, and he was entitled, upon an application for a writ of error, to a review of the proceedings in the trial court. Such a review could not properly be had without including in the bill of exceptions the proceedings upon the hearing of the motion for a new trial.

The writ will be awarded.          *Writ awarded.*