(No. 21363.— )
THE PEOPLE *ex rel.* Max Pulliam, Petitioner, *vs.* A. L. SPILLER, Circuit Judge, Respondent.

*Opinion filed December 23, 1932.*

O. C. SMITH, for petitioner.

FLETCHER LEWIS, State's Attorney, for respondent.

Mr. JUSTICE JONES delivered the opinion of the court:

Max Pulliam was indicted in the circuit court of Jackson county. The indictment consisted of five counts, charging him with the crimes of burglary, assault to rob, and

robbery. A jury trial was begun on October 5, 1931, and the following docket entry appears of that date: "Defendant is arraigned in open court and enters his plea of not guilty." The jury returned a verdict finding Pulliam guilty of burglary in manner and form as charged in the indictment. He thereupon filed a motion for a new trial, supported by several affidavits, alleging, among other things, that he had not been arraigned and had not entered any plea. On motion of the State's attorney the affidavits were stricken from the files and then the motion for a new trial was overruled. A motion in arrest of judgment was also overruled and judgment was entered upon the verdict. Sixty days' time was granted in which to prepare and file a bill of exceptions. The sixty days expired December 15. The cause is in this court on a petition for writ of *mandamus* to require respondent, as judge of the circuit court, to grant a motion of relator to extend the time for filing a bill of exceptions and to settle, sign and seal a proper bill.

The petition alleges that on December 11 respondent agreed with Nora B. Pulliam, the mother of relator, and also with O. C. Smith, his counsel, to extend the time for presenting a bill of exceptions sufficiently to enable the court reporter to transcribe the evidence and proceedings; that relying on said agreement counsel for relator thereupon filed a motion to extend such time and paid to the court reporter $100, the estimated cost of preparing the bill of exceptions. He indicated to the reporter that he wanted the bill to contain certain remarks hereinafter set forth, which were made by the trial judge in overruling the motion for a new trial. The judge, upon learning of this request, called counsel by phone and said he would not sign any bill of exceptions which contained those remarks. Counsel declined to consent to their omission and caused a bill of exceptions to be prepared containing them. It was presented to the judge within the time originally al-

lowed therefor. The judge declined to sign it but endorsed thereon, "Presented but not approved."

The remarks made by the court in denying the motion for a new trial were: "The court does not intend the following remarks as a part of the record: 'In this case the defendant, when he was brought in, was perhaps not asked directly if he would plead guilty or not guilty, but the fact that he stands accused and he says nothing, justified the court in assuming he pleads not guilty. A plea is necessary. There must be a plea. There can be but one of two pleas: one is guilty and the other is not guilty. It must be assumed that the defendant enters one of those pleas, and if he doesn't plead guilty he must plead not guilty. I have held court thirteen years and that's always been my practice.' "

Respondent's answer alleges that he made no unconditional promise to extend the time for filing the bill of exceptions, and that when the court reporter and counsel had their talk over the phone with him about extending the time, he was mindful of his previous statement to counsel that no bill of exceptions containing such remarks of the court would be approved.

Although there is a record entry that relator was arraigned and pleaded not guilty, respondent's answer does not deny there was a total failure to arraign relator, or that he did not plead, or that the remarks attributed to the judge were not made. The remarks of the court strongly tended to show that relator was not arraigned and did not enter any plea. It was proper to incorporate the remarks in the bill of exceptions. Relator was sentenced to imprisonment in the penitentiary upon the record of his conviction, and the effect of a refusal to sign a bill of exceptions because it included those remarks amounted to a denial of the right of review. The court's action in overruling the motion for a new trial cannot be properly reviewed without including in the bill of exceptions the remarks of the

court tending to show that relator had not been arraigned and did not plead to the indictment before a jury was selected and sworn. (*People* v. *Green,* 318 Ill. 421.) It is the duty of the trial court to examine a bill of exceptions presented to him and to point out any inaccuracies and what corrections should be made. (*People* v. *Chetlain,* 219 Ill. 248; *People* v. *Holdom,* 193 id. 319.) When the original bill of exceptions was presented the judge made no objection to it except that it contained said remarks which he said were irrelevant matter. His refusal to sign it was based solely on that ground. We think the remarks should have been incorporated in the bill, and the trial judge was in error in refusing to sign it because it included them. If the bill was incomplete the judge had the power to see that it was made to show all the facts and circumstances.

A writ of *mandamus* is awarded requiring the respondent to settle and sign a bill of exceptions as of December 15, 1931, containing whatever remarks he made in overruling the motion for a new trial. *Writ awarded.*